UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-10982 |
| | ) | |
| LOUIS CARL JEMISON, III, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |

The debtor Louis Carl Jemison, III filed his no-asset chapter 7 case on February 11, 2010. The debtor received his discharge on June 3, 2010 and the case was closed on June 10, 2010. He moved to reopen his case on June 28, 2010, which the court denied. This is the second motion to reopen, filed on July 29, 2010.[1] For the reasons stated below, the motion does not state good cause and it is denied.

## JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the Unitd States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## FACTS

The debtor, who is incarcerated, has represented himself in these proceedings. His chapter 7 filing stated, among other things, that he had no assets, one secured debt, and that his debts were primarily business debts.

The debtor listed the secured debt in schedule D in this fashion: the creditor is the U.S. Attorneys Office, Cleveland, Ohio; the claim was incurred on August 22, 2006; and the nature of

---

[1] Docket 60.

the claim and description and value of property subject to lien is "Judgement, Corpus; #37146-060 dob:10/17/1971 Eye: BN; Ht: 5'10", Value insolvent." He listed the amount of the claim as $4.25 million. The debtor also filed a Chapter 7 Individual Debtor's Statement of Intention[2] in which he again listed the creditor as the United States Attorneys Office and described the property securing the debt as "Corpus of estate/37146-060 DOB 10-17-1971, EYE: BN, Ht:5'10." He stated that he intended to retain the property and redeem it. Although this information is not entirely clear, the court interprets this to be a statement that the debtor believes that the United States Attorney somehow has a judgment against the debtor secured by a lien on the debtor himself and that the debtor wishes to redeem himself under the Bankruptcy Code. *See* 11 U.S.C. § 722 (providing that the debtor may redeem tangible personal property from a lien securing a dischargeable consumer debt under certain circumstances).

After the debtor received his discharge and his case was closed, he filed a motion to reopen the case accompanied by amendments showing that his debts were primarily consumer rather than business and that a part of the debt owed to the United States Attorney's office was unsecured. The court denied the motion to reopen because the debtor had received all appropriate relief.

In the debtor's second motion to reopen, he states that he wishes to reopen his case so that he may file an adversary proceeding to determine the dischargeability of the debt owed to the United States Attorney. He attached a proposed complaint against defendant the "Office of the United States Attorney-Cleveland" in which he seeks to be discharged from the $4.25 million debt and to be released from the custody of the Bureau of Prisons. He cites as authority the "Emergency Banking Act, March 9, 1933, HJR-192 (Public Law 73-10)."

---

[2] Docket 15.

## DISCUSSION

Bankruptcy Code § 350(b) provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). *See also* FED. R. BANKR. P. 5010. The decision as to whether a case should be reopened is left to the sound discretion of the bankruptcy court. *See Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540-41 (6th Cir. 1985). A court should not reopen a case if doing so would be futile. *In re Caravona*, 347 B.R. 259, 263 (Bankr. N.D. Ohio 2006). The debtor, as the moving party, has the burden of proof. *Id*. at 262.

Leaving aside issues of sovereign immunity, and going to the heart of the debtor's claim, the debtor has not provided any proof that there is in fact a $4.25 million judgment held against him by the Office of the United States Attorney that is the subject of a postpetition dispute. Moreover, even if there were such a debt, it could not be secured by a lien on the debtor himself. Liens are interests that attach to property, and a person is not property. The debtor cannot, therefore, use this bankruptcy case as a vehicle to avoid a supposed lien on his person. Similarly, the debtor cannot "redeem" himself from federal prison through the Bankruptcy Code. The reference to the Emergency Banking Act of 1933 does not help the debtor's cause, as it has nothing to do with the issues at hand.

Accordingly, the court does not have the authority to grant the debtor the relief he requests and it would be futile to reopen the case to permit the debtor to pursue this line of thought. The court, therefore, must deny the motion to reopen the case.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge